**Nirmal SINGH, Petitioner,**

v.

**The BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 05–5460–ag.**

United States Court of Appeals, Second Circuit.

Oct. 10, 2006.

Nirmal Singh, pro se, Elmhurst, New York, for Petitioner.

Floyd Cardy, Assistant United States Attorney (Richard B. Roper, United States Attorney for the Northern District of Texas, on the brief), Dallas, Texas, for Respondent.

PRESENT: Hon. WALKER, Hon. ROBERT A. KATZMANN, Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Nirmal Singh, a native and citizen of India, seeks review of a September 22, 2005, Board of Immigration Appeals ("BIA") order adopting and affirming the July 27, 2004, decision of Immigration Judge ("IJ") Helen Sichel denying Singh's application for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3) and the Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").[1] *In re Nirmal Singh,* No. A 74 882 776 (B.I.A. Sept. 22, 2005), *aff'g* No. A 74 882 776 (Immig. Ct. N.Y. City July, 27 2004). Singh challenges the agency's adverse credibility finding and argues that he met his burden of proof. We assume the parties' familiarity with the facts and procedural history.

Where, as here, "the BIA adopts the decision of the IJ and merely supplements the IJ's decision ... we review the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 156–57 & n. 9 (2d Cir.2006).

While Singh's brief argues that he should be granted asylum, the record shows that Singh has not applied for asylum. Rather, he has applied for statutory withholding of removal and withholding of removal pursuant to the CAT. We there-

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *opened for signa-* *ture* Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85.

fore construe petitioner's brief as an argument that he met his burden of proof to qualify for those forms of relief.

Both forms of relief that Singh seeks require the applicant to meet a high standard. To be eligible for withholding of removal, a petitioner must establish by a clear probability that he will be persecuted because of his race, religion, nationality, membership in a particular social group, or political opinion if returned to the country of removal. *See* 8 C.F.R. § 208.16(b); *Islami v. Gonzales,* 412 F.3d 391, 395 (2d Cir.2005). To qualify for relief pursuant to the CAT, a petitioner must show that it is more likely than not that he will be tortured upon his return to the country of removal. 8 C.F.R. § 208.16(c)(2).

When an alien premises his application for withholding of removal or CAT relief on the same assertions that the IJ or BIA finds not credible, an adverse credibility finding defeats the withholding and CAT claims. *Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006) (withholding of removal); *Xiao Ji Chen,* 434 F.3d at 163 n. 18 (CAT).

The agency's adverse credibility determination in this case is supported by substantial evidence. In making this finding, the IJ pointed to discrepancies between Singh's testimony and his written application for relief. First, Singh's I–589 form, filed in 2002, made no mention of any police harassment of either himself or of Sikhs generally prior to 1997. Singh later testified, however, that such harassment was the reason he initially left India in 1995. He was unable to offer an explanation for this discrepancy, and as the BIA's decision points out, the issue of why Singh left India goes to the heart of his claim. The I–589 also indicates that Singh did not apply for asylum prior to 2002 because he did not know that he had the right to file such an application. Once during his hearing, Singh repeated this explanation. But at another time, he testified that he never applied for asylum in 1995 because he did not think he would be granted that relief, implying that he was aware of the possibility of applying. Thus Singh's testimony is both inconsistent with his written application and internally inconsistent. Finally, Singh claimed to have been active with the Alkai Dal Mann party during the Indian elections in 1989. His written application, however, makes no mention of this activity and simply notes that Singh attended some party functions around his village.

The IJ also points to two implausibilities in Singh's claim. First, Singh's failure to apply for any persecution-based relief prior to 2002 makes it implausible that he fears returning to India. While neither withholding of removal nor CAT relief requires a subjective fear, a lack of such fear is probative of the likelihood that the applicant would face persecution or torture upon his return. In addition, the IJ noted the implausibility of Singh's claim that he would face arrest and mistreatment upon his return to India simply because he has been living outside the country for eight or nine years.

As Singh's testimony alone called into question his credibility, the IJ was justified in expecting reasonably available documentary evidence to corroborate Singh's claims. *Diallo v. INS,* 232 F.3d 279, 285 (2d Cir.2000). Singh failed, however, to submit any corroboration of his ongoing political activity with the Alkai Dal Mann party in the United States. Nor could he give the IJ any explanation for this failure.

Given the inconsistencies and omissions contained in the evidence Singh offered, the agency was entitled to conclude that Singh was not credible. Moreover, because Singh's claims were premised on the evidence that the agency found to be not credible, the agency also was entitled to determine that Singh had not met his bur-

den of showing either a clear probability that he would be persecuted in the future as required to qualify for statutory withholding or that it was more likely than not that he would be tortured if he returned to India as required to qualify for CAT protection.

For the reasons set forth above, the petition for review is hereby **DENIED.**

---

\* United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *opened for signa-* *ture* Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85.